# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# CHARLOTTE DIVISION
# CIVIL NO. 3:19-cv-00635-GCM

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v. ) | |
| ) | **ORDER** |
| APPROXIMATELY $60,110.00 IN ) | |
| UNITED STATES CURRENCY SEIZED FROM ) | |
| DEVANTE BLOODWORTH ON OR ABOUT ) | |
| JULY 26, 2018, AT THE CHARLOTTE- ) | |
| DOUGLAS INTERNATIONAL AIRPORT ) | |

**THIS MATTER** is before the Court on the Government's Motion to Strike Claim of Devante Bloodworth. (Doc. 7). The Government requests that the Court strike Bloodworth's claim to the Defendant Property in this forfeiture case (Doc. 5), pursuant to Federal Rule of Civil Procedure, Supplemental Rule G(8)(c)(i)(A), on the grounds that Bloodworth failed to file an answer to the Government's complaint as required by Supplemental Rule G(5)(b), and Bloodworth therefore lacks standing to contest the forfeiture of the Defendant Property. For the reasons stated herein, the Court will grant the Government's motion and strike Bloodworth's Claim.

## I.     BACKGROUND

The Government filed its forfeiture Complaint on November 11, 2019 (Doc. 1), asserting the Defendant Property in this case—$60,110 in cash seized from Bloodworth at the Charlotte airport—is subject for forfeiture pursuant to 21 U.S.C. § 881(a)(6). The Government gave notice to Devonte Bloodworth (Doc. 4) on November 25, 2019, and Bloodworth thereafter filed a claim that was signed on December 19, 2019 and mailed to the United States Attorney's Office, who then forwarded it the Clerk of Court, where it was filed on December 30, 2019. (Doc 5).

Bloodworth was twice informed of the requirement under the Federal Rules that he file an answer: (1) when the Government sent its initial notice in November 2019, and (2) when the AUSA representing the Government sent Bloodworth a letter noting his failure to answer, detailing the requirement under the Rules, giving Bloodworth an additional 21 days from the date of the letter to answer, and informing him that the Government intended to move to strike his claim for failure to answer should he not. Bloodworth has not filed an answer to the Government's forfeiture complaint in this case.

## II. DISCUSSION

Rule G of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions provides that the Government may move to strike a claim or answer for failing to comply with Rule G(5) or (6). Fed. R. Civ. P., Supp. R. G(8)(c)(i)(A); *see also United States v. All Assets Held at Bank Julius Baer & Co.*, 664 F.Supp.2d 97, 101 (D.D.C. 2009) ("Because the procedures prescribed by the Supplemental Rules play an important role in structuring forfeiture suits and ensuring that they proceed efficiently, a court is authorized to strike the claim and/or answer of any claimant who fails to follow the Rules' procedural dictates.").

A forfeiture "***claimant must serve and file an answer to the complaint*** or a motion under Rule 12 within 21 days after filing the claim" Fed. R. Civ. P. Supp. R. G(8)(c)(i)(A) (emphasis added); 18 U.S.C. § 983(a)(4)(B) ("A person asserting an interest in seized property, in accordance with subparagraph (A), shall file an answer to the Government's complaint for forfeiture not later than 20 days after the date of the filing of the claim."); *see also United States v. $25,790 in U.S. Currency,* 2010 WL 2671754, *3 (D. Md. July 2, 2010) ("A claim and an answer serve two different purposes. A claim forces the party contesting forfeiture to swear that he has an interest in

the property, while an answer requires the claimant to state defenses and to admit or deny the plaintiff's averments.") (internal citations omitted).

Courts strictly enforce compliance with the Supplement Rules in forfeiture cases, and until a claimant does so, he or she lacks statutory standing to contest the forfeiture. *See United States v. Borromeo*, 945 F.2d 750, 752 (4th Cir. 1991) ("Courts consistently have required claimants to follow the language of the Supplemental Rules to the letter.") (quoting *United States v. $38,000*, 816 F.2d 1538, 1547 (11th Cir. 1987)); *Appeal of Torres*, 854 F.2d 1318, 1988 WL 83331, at *1 (4th Cir. 1988)) ("In this case, Torres has failed to comply with [then governing] Rule C(6) because he has yet to file a claim and answer in the manner prescribed by that Rule. Until the procedural requirements of Rule C(6) are met, Torres has no standing to contest the forfeiture."); *United States v. $487,825.000 in U.S. Currency*, 484 F.3d 662, 665 (3d Cir. 2007) ("Courts have repeatedly emphasized that forfeiture claimants must strictly adhere to the filing requirements to perfect standing.").[1]

If no extenuating circumstances or legitimate excuse for failing to comply exists, a court is within its discretion to strike a claim, including a *pro se* claim, for failing to file an answer. *See United States v. 328 Pounds More or Less, of Wild Am. Ginseng*, 347 F. Supp. 2d 241, 248-49 (W.D.N.C. 2004) ("It is within the sound discretion of the Court to dismiss a claim for failure to strictly comply with the requirements of [the Supplemental Rules], even where the claimant is proceeding *pro se*"); *United States v. $39,000 in U.S. Currency,* No. 3:02-cv-281-V, 2007 WL 474269, at *4 (W.D.N.C. Feb. 6, 2007) (granting the Government's motion, and explaining that

---

[1] This statutory standing for a forfeiture claim is separate from any Article III standing that would be conveyed by simply being an owner of the defendant property. *See, e.g.*, *$487,825.000 in U.S. Currency*, 484 F.3d at 664 ("In order to stand before a court and contest a forfeiture, a claimant must meet both Article III and statutory standing requirements. To establish statutory standing in a forfeiture case, the claimant must comply with the procedural requirements set forth in [then governing] Rule C(6)(a) and § 983(a)(4)(A).") (internal citations omitted).

"there are no extenuating circumstances that warrant an exception from the normally strict procedural requirements of [the Supplemental Rules]"); *United States v. $22,226.25 in Interbank FX Account,* 763 F. Supp. 2d 944, 948-49 (E.D. Tenn. 2011) (granting motion to strike for failing to file an answer, and holding that the filing requirements must be strictly enforced, even against a *pro se* claimant, if there is no legitimate excuse for failing to comply).

Bloodworth's deadline to file an answer ran on January 20, 2020. He was twice informed of that requirement under the Federal Rules and of the potential consequences for his failure to do so. Given the fact that the Government gave him additional time to answer, no legitimate reason exists for his failure to do so. *See United States v. One 2002 Dodge Ram 1500 Quad-Cab Truck,* 2007 WL 1815684, *2 (N.D. Tex. 2007) (granting motion to dismiss for lack of statutory standing where the government gave *pro se* claimant additional two weeks to file an answer but claimant still did not file, claimant's *pro se* status did not excuse failure to comply with the Rules).

Moreover, the filing of his claim (Doc. 5) indicates that Bloodworth was aware of the procedural requirements should he wish to contest the forfeiture of the Defendant Property. *See U.S. v. $7,823.00 U.S. Currency*, 2012 WL 664830, at *2 (M.D. Tenn. 2012) ("Claimant's answer was due over four months ago. Claimant has been notified of his obligation to file an answer on multiple occasions, and the timely filing of his initial claim indicates that he was indeed aware of the procedural requirements.") (striking claim for failure to file an answer). Other than the initial filing of his claim, Bloodworth has not participated in this case, nor has he filed a response to the Government's motion to strike.

Accordingly, because Bloodworth failed to file an answer to the Government's forfeiture complaint as required by the Federal Rules, he lacks statutory standing to contest the forfeiture of the Defendant Property in this case, and his Claim must be struck. *See United States v. 40 Acres*

*of Real Property,* 629 F. Supp. 2d 1264, 1275 (S.D. Ala. 2009) (pleading requirements in Rule G(5) must be strictly enforced; claimant who filed claim but no answer lacked statutory standing) (collecting cases).

**IT IS THEREFORE ORDERED** that the Government's Motion to Strike Claim of Devante Bloodworth (Doc. 7) is **GRANTED**, and the Court hereby **STRIKES** the Claim of Devonte Bloodworth (Doc. 5).

Signed: May 6, 2020

Graham C. Mullen
United States District Judge