# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# CHARLOTTE DIVISION

### CIVIL NO.: 3:19-cv-00635-GCM

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v. ) | **ORDER OF** |
| ) | **DEFAULT JUDGMENT** |
| APPROXIMATELY $60,110.00 IN ) | |
| UNITED STATES CURRENCY SEIZED FROM ) | |
| DEVANTE BLOODWORTH ON OR ABOUT ) | |
| JULY 26, 2018, AT THE CHARLOTTE- ) | |
| DOUGLAS INTERNATIONAL AIRPORT ) | |

**THIS MATTER** is before the Court on the Government's Motion for Default Judgment of Forfeiture (Doc. 11). Pursuant to Fed. R. Civ. P. 55(b)(2), the Government requests that the Court enter a Default Judgment of Forfeiture with respect to the defendant property of approximately $60,110.00 in United States Currency (the "Currency"). For the reasons stated herein, the Court grants the Government's Motion.

## I. BACKGROUND

On November 20, 2019, the United States filed a Verified Complaint for Forfeiture *in Rem* (Doc. 1) against the Currency, alleging the Currency is subject to forfeiture pursuant to 21 U.S.C. § 881(a)(6) because it constitutes money furnished or intended to be furnished by any person in exchange for a controlled substance or listed chemical in violation of 21 U.S.C. §§ 841 and/or 846, is proceeds traceable to such an exchange, and is money used or intended to be used to facilitate a violation of 21 U.S.C. §§ 841 and/or 846. As required by Supplemental Rule G, the Government provided direct notice and notice by publication. Only Devonte Bloodworth filed a claim during the time period to do so. (Doc. 5). The Court previously struck Bloodworth's claim, leaving no filed claims as to the Currency (Doc. 8), On May 12, 2020, the Clerk entered default (Doc. 10)

pursuant to Federal Rule of Civil Procedure 55(a).

## II. DISCUSSION

A court may enter a default judgment when a party has failed to plead or otherwise defend. *See* Fed. R. Civ. P. 55. In the civil forfeiture context, default judgment is permitted where there are no claims to the defendant property. *See United States v. 47 W. Oakview Rd.*, No. 1:10CV88, 2011 WL 304972, at *1 (W.D.N.C. Jan. 28, 2011) ("The Court therefore finds that the Plaintiff has established that no potential claimant has timely filed a claim or otherwise answered and default judgment is appropriate."); *United States v. $42,041.00 in U.S. Currency*, No. 1:12-CV-87, 2012 WL 6953388, at *1 (E.D. Tex. Oct. 30, 2012) (report and recommendation) ("To date, no claims or answers have been filed in this action, and the time limitations have expired. Further . . . the United States Clerk's Office entered a default (Doc. No. 8) as to all potential parties or claimants pursuant to Rule 55(a) of the Federal Rules of Civil Procedure. There is no reason to proceed any further in this matter. Therefore, the Government's motion for default judgment should be granted, and the Court should enter a default judgment pursuant to Rule 55(b)(2).").

Here, the Court struck the only claim to the Currency filed in this case, Devonte Bloodworth's (Doc. 5), for failure to file an answer as required by Supplemental Rule G (Doc. 8), and thereafter, on the Government's motion, the Clerk entered default pursuant to Rule 55(a). Thus, the requested default judgment pursuant to Rule 55(b)(2) is appropriate. *See United States v. Batato*, 833 F.3d 413 (4th Cir. 2016) (affirming entry of default judgment against defendant property after all claims were dismissed pursuant to 28 U.S.C. § 2466); *United States v. $36,110.00 in U.S. Currency*, No. 4:08-CV-0029-TLW-TER, 2010 WL 6065117, at *2 (D.S.C. Dec. 17, 2010) (report and recommendation) ("Because Bright has failed to comply with the Supplemental Rule G, default judgment is appropriate as to his claim."); *United States v. $3,585.00 in U.S. Currency*,

2019 WL 422660 (W.D.N.Y. Feb. 4, 2019) (finding claimant lacked statutory standing, dismissing claim, and granting default judgment on Government's Rule 55 motion); *United States v. $19,000.00 in U.S. Currency,* 2012 WL 5286888 (C.D. Ill. Oct. 23, 2012) (when the only claim is dismissed under Rule 37 as a discovery sanction, the court may grant a default judgment).

### III. JUDGMENT

**IT IS THEREFORE ORDERED, ADJUDGED, AND DECREED** that the Government's Motion for Default Judgment of Forfeiture (Doc. 11) is hereby **GRANTED** and Judgment of Forfeiture is **ENTERED** in favor of the United States against all persons and entities with respect to the following Defendant Property:

> **Approximately $60,110.00 in United States currency seized from Devonte Bloodworth on or about July 26, 2018, at the Charlotte-Douglas International Airport.**

**IT IS FURTHER ORDERED, ADJUDGED, AND DECREED** that any right, title, and interest of all persons to the Defendant Property is hereby forfeited to the United States, and no other right, title, or interest shall exist therein.

**IT IS FURTHER ORDERED, ADJUDGED, AND DECREED** that the United States Marshal is hereby directed to dispose of the forfeited Defendant Property as provided by law.

Signed: May 19, 2020

Graham C. Mullen
United States District Judge